**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| NIRSA S.A. and PROCESADORA POSORJA PROPOSORJA, S.A., Plaintiffs, | ) | |
| v. | ) | **Court No. 26-03897** |
| UNITED STATES, Defendant. | ) | |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Nirsa S.A. and Procesadora Posorja Proposorja, S.A. ("Proposorja") (collectively, "Nirsa" or "Plaintiffs"), by and through their counsel, bring this action and allege and state the following:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiffs bring this action pursuant to, and in accordance with, Section 516A(a)(2) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), to contest certain aspects of the U.S. Department of Commerce's ("Commerce") final results of the Countervailing Duty Expedited Review of the Countervailing Duty ("CVD") Order on frozen warmwater shrimp from Ecuador. *See Frozen Warmwater Shrimp From Ecuador*, 91 Fed. Reg. 50,765 (Dep't Commerce Aug. 6, 2026) (final results of countervailing duty expedited review) ("*Final Results*"), and accompanying Issues and Decision Memorandum (July 31, 2026) ("IDM"), as amended by *Frozen Warmwater Shrimp From Ecuador*, 91 Fed. Reg. 58,086 (Dep't Commerce Sept. 14, 2026) (amended final results of countervailing duty expedited review) ("*Amended Final Results*"), and accompanying Memorandum to Scot Fullerton, Acting Deputy

Assistant Secretary for Antidumping and Countervailing Duty Operations, re: "Analysis of Ministerial Error Allegations in the Final Results" (Sept. 8, 2026). The CVD Order was published on December 26, 2024. *See Frozen Warmwater Shrimp From Ecuador, India, and the Socialist Republic of Vietnam: Countervailing Duty Orders*, 89 Fed. Reg. 104,982 (Dec. 26, 2024) ("*CVD Order*").

**THE PARTIES**

2. Plaintiffs are producers and exporters of merchandise subject to the *CVD Order*. Plaintiffs were respondents in the CVD Expedited Review.

3. Defendant is the United States of America, acting by and through the U.S. Department of Commerce.

**JURISDICTION**

4. The Court has jurisdiction over this action under 28 U.S.C. § 1581(c) because this action was commenced under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii).

**STANDING**

5. As respondents, Plaintiffs participated fully in Commerce's expedited review, including by submitting factual information and written argument. As such, they are interested parties under 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3). For the same reasons, Plaintiffs are parties to the proceeding as defined in 19 C.F.R. § 351.102(b)(36). They have standing to commence this action under 19 U.S.C. §1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

6. The *Final Results* being challenged in this action were published in the *Federal Register* on August 6, 2026. Plaintiffs commenced this action by filing a Summons on September 4, 2026, which is within 30 days after Commerce's publication of the *Final Results* in the *Federal Register*. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and Rules 3(a)(2) and 6(a) of this Court.

## STANDARD OF REVIEW

7. This Court reviews final results of expedited reviews issued by Commerce pursuant to 19 U.S.C. § 1675(a)(2)(B) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

8. On January 24, 2025, Nirsa and Proposorja requested expedited review of the *CVD Order* pursuant to 19 U.S.C. § 1675(a)(2)(B) and in accordance with 19 C.F.R. § 351.214(l), by timely requesting review within 30 days of the publication of the CVD Order, and by certifying that they: (1) exported subject merchandise during the period of investigation (i.e., January 1, 2022 through December 31, 2022); (2) were not individually examined or accepted as voluntary respondents in the underlying CVD investigation; (3) were not affiliated with an exporter or producer that was individually examined in the in the underlying CVD investigation; and (4) informed the Government of Ecuador that it would be required to provide a full response to Commerce's questionnaire. *See CVD Order*, 89 Fed. Reg. at 104,982 (published on December 26, 2024).

9. Commerce subsequently initiated a CVD expedited review in response to Nirsa's and Proposorja's requests. *Frozen Warmwater Shrimp From Ecuador*, 90 Fed. Reg. 11,398

(Dep't Commerce Mar. 6, 2025) (initiation of expedited review of countervailing duty order) ("*Initiation Notice*"). In accordance with 19 C.F.R. § 351.214(l)(3)(i), Commerce established the same period of review ("POR") as the original period of investigation (*i.e.*, calendar year 2022). *See id.,* 90 Fed. Reg. at 11,399. The POR is the period for which Commerce determined whether and to what extent the Plaintiffs received any countervailable subsidies from the GOE.

10. Following initiation, on March 12, 2025, Commerce issued initial CVD questionnaires to Nirsa and Proposorja. Plaintiffs thereafter filed numerous questionnaire responses and supplemental questionnaire responses, including responses to new subsidy allegations ("NSA") filed by the Ad Hoc Shrimp Trade Action Committee ("AHSTAC"), as well as responses that addressed "other subsidy" programs that Plaintiffs "self-reported" even though Commerce had not initiated an investigation of them. The GOE similarly filed numerous questionnaire responses and supplemental questionnaire responses concerning all the original allegations, NSAs, and self-reported "other subsidy" programs.

11. On January 8, 2026, Plaintiffs timely submitted factual information to measure the adequacy of remuneration that they received in connection with the GOE's alleged provision of land-use concessions in "beach and bay" areas. Specifically, Plaintiffs submitted private contracts of sale and deeds of a cross-owned affiliate of Nirsa called Camarones y Langostinos del Mar S.A. ("Calademar") that contained the \ prices of "high land" that Calademar purchased from private parties entered into during the POR. Along with the underlying land purchase contracts and deeds, Plaintiffs submitted a worksheet calculating a per-hectare purchase price, as well as a weighted-average per-unit annualized rental price, which divided the per-hectare purchase price over the 20-year standard concession term reported by the GOE.

12. On the same date, the petitioner, the American Shrimp Processors Association ("ASPA") timely submitted factual information to measure the adequacy of remuneration in connection with the alleged provision of land-use concessions in "beach and bay" areas for Less than Adequate Remuneration ("LTAR"). Exhibit 1 of the petitioner's benchmark submission contained a 3-page printout of a land listing posted on the Multiple Listing Service ("MLS") Ecuador's website for what the listing described as a "7.2 hectare shrimp pond located just north of Pedernales" (the "Pedernales Land Listing"). ASPA's benchmark submission included no contract of sale or deed to demonstrate that the property was sold or any evidence establishing the actual sales price of the property or the actual date of sale. The Pedernales Land Listing included nine photographs of the property in question, a Google® Maps image approximating the property's location. On page 3, the printout described that "{t}he Multiple Listing Service is an Internet-based system for sharing information on properties for sale in Ecuador."

13. On January 26, 2026, Plaintiffs timely submitted rebuttal factual information concerning the benchmark information submitted by ASPA relating to the alleged provision of land-use concessions in beach and bay areas for LTAR program. Specifically, Exhibit 1 of the Plaintiff's rebuttal benchmark submission contained a declaration from the realtor who posted and managed the Pedernales Land Listing. The realtor stated that the listing contained the originally listed asking price authorized by the owner, not an actual sales price.

14. Commerce published the *Preliminary Results* on March 10, 2026, in which it calculated a preliminary countervailable subsidy rate of 2.18 percent for Nirsa and Proposorja. *See Frozen Warmwater Shrimp From Ecuador*, 91 Fed. Reg. 11,511, 11,512 (Dep't Commerce Mar. 10, 2026) (preliminary results and partial rescission of countervailing duty expedited review) ("*Preliminary Results*") and accompanying Decision Memorandum for the Preliminary

Results of the Expedited Review of the Countervailing Duty Order on Frozen Warmwater Shrimp from Ecuador (Mar. 3, 2026) ("*PDM*").

15. In the *Preliminary Results*, the Department calculated the benchmark to measure the adequacy of remuneration of Plaintiff's land concession in beach and bay areas based on a simple average of the following four benchmark sources: (1) the purchase prices paid by Calademar contained in Plaintiff's benchmark submission; (2) the price stated in the Pedernales Land Listing; (3) a purchase price reported by Industrial Pesquera Santa Priscila S.A., a mandatory respondent in the underlying investigation, for a plot of land suitable for shrimp farming, which was not placed on the record by any party or previously placed on the record by Commerce; and (4) a purchase price reported by Sociedad Nacional de Galápagos C.A, a mandatory respondent in the underlying investigation, for a plot of land suitable for shrimp farming, which was not placed on the record by any party or previously placed on the record by Commerce. *PDM* at 35.

16. On June 29, 2026, Commerce issued a *Post-Preliminary Memorandum*, in which it preliminarily determined that two new subsidy allegations on which it had previously initiated an investigation were not used by the Ecuadorian Respondents. Commerce continued to calculate a preliminary countervailable subsidy rate of 2.18 percent for Nirsa and Proposorja.

17. On July 10, 2026, Ecuadorian Respondents, the GOE, AHSTAC, and ASPA submitted case briefs for Commerce's consideration prior to issuing the *Final Results*. In their general issues case brief, Plaintiffs and the GOE made various arguments for Commerce's consideration, including that Commerce should exclude the price reflected in the Pedernales Land Listing from the land benchmark price because the information on the record did not demonstrate that the price reflected an actual market-based transaction between private sellers in

Ecuador (*i.e.*, a *tier-one* benchmark source). Plaintiffs further argued that the declaration of the realtor significantly undermined Commerce's preliminary conclusion that the Pedernales Land Listing reflected an actual market-based transaction between private sellers. In the alternative, Plaintiffs argued that, even if Commerce continued to include the price from the Pedernales Land Listing in its benchmark, Commerce should not calculate a simple average of the four land benchmark sources.

18. On July 20, 2026, Ecuadorian Respondents, the GOE, ASPA, and AHSTAC submitted rebuttal briefs responding to arguments raised in case briefs filed by other interested parties.

19. On July 28, 2026, Commerce conducted a public hearing with legal representatives of Plaintiffs, the GOE, and the petitioners in attendance.

20. On August 6, 2026, Commerce published the *Final Results* in which it calculated a net countervailable subsidy rate of 2.21 percent for Nirsa and Proposorja. *See Final Results*, 91 Fed. Reg. at 50,765. Commerce continued to include the price stated in the Pedernales Land Listing in its *tier-one* land benchmark calculation. *See IDM* at 33–35. Commerce also continued to calculate the land benchmark price based on a simple average of all four of what it found were the "tier-one, per-hectare land benchmark sources." *Id.* at 36.

21. On September 14, 2026, Commerce published the *Amended Final Results* in the CVD Expedited Review of the CVD Order on frozen warmwater shrimp from Ecuador in which it calculated a net countervailable subsidy rate of 2.23 percent for Nirsa and Proposorja. *See Amended Final Results*, 91 Fed. Reg. at 58,086. Plaintiffs do not challenge any of the Department's findings or conclusions in the *Amended Final Results*.

## STATEMENT OF CLAIMS

### COUNT ONE

22. Plaintiffs hereby reallege and incorporate paragraphs 1 through 21.

23. Commerce included the price stated in Pedernales Land Listing in calculating the tier-one benchmark to measure the adequacy of remuneration of Plaintiffs' "beach and bay" land concessions. *See IDM* at 33–35.

24. Commerce's determination to include the price stated in the Pedernales Land Listing in the benchmark price calculated pursuant to 19 C.F.R. § 351.511(a)(2)(i) among other prices stemming from actual transactions between private parties was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT TWO

25. Plaintiffs hereby reallege and incorporate paragraphs 1 through 24.

26. Commerce calculated a simple average of tier-one, per-hectare land benchmark sources without accounting for parcel size or any other variable that might affect comparability. *IDM* at 35–36.

27. Commerce's determination to calculate the benchmark price for land calculated pursuant to 19 C.F.R. § 351.511(a)(2)(i) based on the simple average of four separate benchmark sources without considering their respective areas, as opposed to weight-averaging the land benchmark prices to account for their relative shares of the total area, was not supported by substantial evidence and was otherwise not in accordance with law.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court:

1) enter judgment in Plaintiffs' favor;

2) declare that with respect to the issues raised in this Complaint, certain aspects of Commerce's *Final Results* in the expedited review of the *CVD Order* on frozen warmwater shrimp from Ecuador are not supported by substantial evidence on the record and/or are not otherwise in accordance with law; and

3) Remand the *Final Results* to Commerce for redetermination in accordance with the Court's opinion, including a recalculation of the *ad valorem* countervailable subsidy rate for Plaintiffs, and, if those rates are below the two percent *de minimis* threshold applicable to CVD investigations for Ecuador, exclude Nirsa and Proposorja from the CVD Order on Frozen Warmwater Shrimp from Ecuador in accordance with 19 C.F.R. § 351.214(l)(3)(iii); and

4) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Kenneth N. Hammer
Jarrod M. Goldfeder
Warren E. Connelly
Kenneth N. Hammer

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C. 20003
Tel: (202) 223-3760
khammer@tradepacificlaw.com

*Counsel to Plaintiffs Nirsa S.A. and Procesadora Posorja Proposorja S.A.*

Dated: October 5, 2026