**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **NIRSA S.A. and PROCESADORA POSORJA PROPOSORJA, S.A.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **Court No. 26-03897** |

***PROPOSED ORDER***

Upon consideration of the Unopposed Motion to Intervene filed on behalf of the Ad Hoc Shrimp Trade Action Committee ("AHSTAC"), it is hereby

**ORDERED** that the motion is granted; and it is further

**ORDERED** that AHSTAC shall have Defendant-Intervenor status in this action.

**SO ORDERED.**

____________________________

Dated: ____________________, 2026
New York, New York:

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **NIRSA S.A. and PROCESADORA POSORJA PROPOSORJA, S.A.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **Court No. 26-03897** |

***UNOPPOSED MOTION TO INTERVENE***

Pursuant to Rules 24(a) and 24(c) of the Rules of the United States Court of International Trade, the Ad Hoc Shrimp Trade Action Committee ("AHSTAC"),[1] by and through its undersigned counsel, hereby requests that it be permitted to intervene in the above-captioned action as Defendant-Intervenor.

The statute provides that "{a}ny person who would be adversely affected or aggrieved by a decision in a civil action" pending in this Court brought under section 516A of the Tariff Act of 1930, as amended (the "Act"), may intervene as a matter of right in such action, if that person is "an interested party who was a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(j)(1). For purposes of 28 U.S.C. § 2631(j)(1)(B), an "interested party" is defined as having "the meaning given such term in section 771(9) of the Tariff Act of 1930." 28 U.S.C. § 2631(k)(1). Section 771(9) of the Act, in turn provides that the term "interested party" means, inter alia, "an association, a majority of whose members" manufacture, produce or

[1] AHSTAC is an *ad hoc* association whose members are: Nancy Edens; Trico Shrimp Company, Inc.; Tarvin Seafood Inc.; Bosarge Boats, Inc.; Anchored Shrimp Company; Big Grapes, Inc.; Versaggi Shrimp Co.; Craig Wallis; and the Southern Shrimp Alliance.

wholesale a domestic like product in the United States. 19 U.S.C. § 1677(9)(F). Regulations of the U.S. Department of Commerce ("Commerce") define a "party to the proceeding" as "any interested party that actively participates through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b)(36); *see also Qingdao Taifa Group v. United States*, 580 F. Supp. 2d 1342, 1343-44 (Ct. Int'l Trade 2008); *Dofasco Inc. v. United States*, 519 F. Supp. 2d 1284, 1288-90 (Ct. Int'l Trade 2007).

On August 6, 2026, Commerce published in the *Federal Register* the final results of the expedited review of the countervailing duty order on certain frozen warmwater shrimp from Ecuador. *Frozen Warmwater Shrimp From Ecuador*, 91 Fed. Reg. 50,765 (Dep't Commerce Aug. 6, 2026) (final results of countervailing duty expedited review) ("*Final Results*"). The factual findings and legal conclusions of Commerce's determination were set out primarily in the unpublished Issues and Decision Memorandum ("IDM") accompanying the *Final Results*.

On September 4, 2026, Plaintiffs filed a Summons, initiating an appeal of the *Final Results* pursuant to 28 U.S.C. § 1581(c). *See* ECF 1. Thereafter, on October 5, 2026, Plaintiffs filed a Complaint alleging jurisdiction over this action under 28 U.S.C. § 1581(c) and challenging certain aspects of Commerce's final determination. *See* ECF 8.

Applicant for intervention AHSTAC has standing to intervene in this action as a matter of right. 19 U.S.C. § 1516a(d); 28 U.S.C. § 2631(j); USCIT R.24(a). Specifically, AHSTAC is an association, a majority of whose members manufacture, produce or wholesale warmwater shrimp in the United States, and thus is an interested party. 19 U.S.C. § 1677(9)(F). Moreover, AHSTAC was a party to the Commerce proceeding that led to the determination that is the subject of this appeal and actively participated in that proceeding through the submission of factual information and written arguments. *See* 28 U.S.C. § 2631(j)(1)(B); 19 C.F.R.

§ 351.102(b)(36). Thus, AHSTAC is a party "who would be adversely affected or aggrieved" by the action now pending in this Court. 28 U.S.C. § 2631(j)(1). Further, this motion is timely filed within 30 days of the filing of the Complaint. *See* USCIT R.24(a).

In accordance with Rules 7(b) and 24(c), counsel for AHSTAC consulted the other parties to this proceeding regarding this motion. On October 9, 2026, Kenneth N. Hammer, Esq., of Trade Pacific PLLC, counsel to the Plaintiffs, consented to this motion via email. On October 9, 2026, Tara K. Hogan, Esq., counsel for Defendant United States, responded indicating that it does not oppose this motion.

WHEREFORE, AHSTAC respectfully requests that this Court grant this motion to intervene as Defendant-Intervenor in the above-captioned action.

Respectfully submitted,

*/s/ Nathaniel Maandig Rickard*

Nathaniel Maandig Rickard
Sophia J.C. Lin
Zachary J. Walker
Caitlyn Quinn

**PICARD KENTZ & ROWE LLP**
1155 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
nrickard@pkrllp.com
(202) 331-5040

*Counsel to Ad Hoc Shrimp Trade Action Committee*

Dated: October 14, 2026